IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RENE FLORES, § | |
| (TDCJ Nos. 741105 and 444438) § | |
| VS. § | CIVIL ACTION NO.4:08-CV-632-Y |
| § | |
| § | |
| RISSI OWENS, et al. § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)
(With special instructions to the clerk of Court)

This case is before the Court for review of pro-se inmate and plaintiff Rene Flores's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Flores, an inmate at the Texas Department of Criminal Justice's Baten Intermediate Sanction facility, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983. In response to a Court order, he filed a more definite statement. He names as defendants Rissi Owens, identified as Chairman of the Texas Board of Pardons and Paroles; Cecilia Collier, parole officer; Jeffery Clark; and the Texas Department of Pardons and Paroles.[1](Compl. Style; § IV(B); More Definite Statement (MDS) at §§ II, V.) Fores challenges the imposition upon him of a sex-offender registration requirement, and the revocation of his parole, in part, because of his failure to attend sex-offender classes. Flores seeks to have this Court "show the Parole Board that what they are doing is illegal," and that the defendants "be ordered to remove him from the sex offender stipulations . . . ." (Compl. § VI; MDS at 6-7.)

A complaint filed in forma pauperis that lacks an arguable basis

---

[1]Although Flores initially named Gerald Garrett as defendant, in his more definite statement, he replaced Garrett with Rissi Owens. Flores also added the additional defendants in his more definite statement, and the clerk of Court is directed to replace Garrett with Owens, and list these additional defendants on the docket.

in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the Prison Litigation Reform Act, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6]

The Court concludes that Flores's claims are not cognizable under 42 U.S.C. § 1983. Plaintiff seeks from this Court injunctive-type relief from the determination by Texas officials to revoke his parole, in part, for failing to attend sex-offender treatment classes. He also seeks to have the Court declare that the imposition of a sex-offender registration and class requirement is in violation of the Constitution. In *Heck v. Humphrey*,[7] the Supreme Court held that a claim that, in

---

[2] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[7] 512 U.S. 477, 486-87 (1994).

effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[8] Although *the Heck* opinion involved a bar to claims for monetary damages, a dismissal of a claims for injunctive relief and for declaratory relief may also be made pursuant to *Heck*.[9]

Plaintiff's request to have this Court remove the conditions upon which his parole was revoked, would, if successful, necessarily imply the invalidity of his present incarceration. Thus, such claims are not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck*. With regard to challenges brought under § 1983 to parole proceedings, the Supreme Court clarified that, although challenges only to the procedures used to determine parole eligibility may go forward in a civil suit, if the claims "seek to invalidate the duration of [an inmate's] confinement--either <u>directly</u> through an injunction compelling speedier release or <u>indirectly</u> through a judicial determination that necessarily implies the unlawfulness of the State's custody"[10]--the prisoner must pursue such claim through habeas corpus

---

[8]*Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[9]*See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)(extending *Heck* to claims for declaratory relief that necessarily would imply the invalidity of punishment); *Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc) (holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*), *cert. den'd,* 525 U.S. 1151 (1999).

[10]*Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005).

or similar remedies. Because a judicial determination of Flores's claims could imply the unlawfulness of his present incarceration, the *Heck* rule bars his claims for injunctive and declaratory relief.[11] Plaintiff remains in custody and has not shown that the complained-of imprisonment has been invalidated by a state or federal court.[12] As a result, Plaintiff's claims are not cognizable under § 1983, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[13]

Therefore, under the authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), all of Plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met.[14]

SIGNED March 10, 2009.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[11] *See generally Hall v. Attorney General of Texas,* 266 Fed. Appx. 355, 2008 WL 474121, at *1 (5th Cir. 2008)("Hall's constitutional challenge to the [sex-offender] registration requirement also is an indirect challenge to his incarceration. Hall's claims are thus not cognizable under 42 U.S.C. § 1983 until he proves that the incarceration has been reversed or declared invalid.")

[12] *See McGrew v. Texas Bd. of Pardons & Paroles,* 47 F.3d 158, 161 (5th Cir. 1995).

[13] *See Heck*, 512 U.S. at 487-88; *McGrew*, 47 F.3d at 161.

[14] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

4